**AFANG SHI, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–72338.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 13, 2007.*

Filed Nov. 26, 2007.

Melissa S. Lee, Esq., City of Industry, CA, for Petitioner.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Keith Ian McManus, Esq., U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: TROTT, W. FLETCHER and CALLAHAN, Circuit Judges.

MEMORANDUM **

Afang Shi, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of her application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Shi contends that the IJ's adverse credibility determination lacks a valid basis. We disagree. The adverse credibility finding was based upon a material discrepancy between Shi's testimony and documentary evidence she submitted, as well as a material omission in her asylum application regarding the electrocution she allegedly suffered at the hands of Chinese police. Each finding was specifically and cogently described by the IJ, and supported by the record. Because both the discrepancy and the omission also cast doubt on the events

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

that go to the heart of Shi's asylum claim, substantial evidence supports the denial of asylum. *See Kaur v. Gonzales,* 418 F.3d 1061, 1067 (9th Cir.2005); *Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003); *Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

Because Shi cannot meet the lower standard of eligibility for asylum, she has failed to show that she is entitled to withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Shi's Convention claim is based on the same testimony that was found not credible, and she points to no other evidence that the IJ should have considered in making the Convention determination, thus her Convention claim also fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.